UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VINH LE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-07-341 |
| | § | |
| PETE GEREN, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day came on to be considered Plaintiff Vinh Le's "Opposed Motion for New Trial, Opposed Motion to Set Aside Judgment, and Opposed Motion for Reconsideration" (D.E. 12). Plaintiff files his motion pursuant to Federal Rule of Civil Procedure 59(e), and Plaintiff asks that the Court "set aside" its order granting Defendant's motion for summary judgment (D.E. 10), and that the Court grant Plaintiff a "new trial" in the above-styled action. (Motion, p. 1). For the reasons set forth below, Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) is hereby DENIED.[1]

**I.   Background**

Plaintiff filed his Original Complaint against Defendant Pete Geren, Secretary of the Army, on August 22, 2007 (D.E. 1). Following various clarifications made by Plaintiff's counsel at the initial pretrial and scheduling conference, Plaintiff proceeded with one claim against the

---

[1] While Plaintiff classifies his motion in part as seeking a "new trial," "it obviously is not such a motion. As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court. The court disposed of this case on motion for summary judgment." Gonzalez v. State Fair of Texas, Inc., 2000 WL 326165, at *1 (N.D. Tex. Mar. 24, 2000); Crews Trading Co., Inc. v. Terral Farm Serv., Inc., 2005 WL 3555918, at *1 (W.D. La. Dec. 28, 2005) ("A motion for new trial is appropriate when a case has been tried to a jury or to the court, not on a summary judgment ruling."). Accordingly, Plaintiff's motion should be "correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment." Gonzalez, 2000 WL 326165 at *1 (citing Patin v. Allied Signal, Inc., 77 F.3d 782, 785 n.1 (5th Cir. 1996)).

Defendant: a claim for race/national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (hereinafter, "Title VII"), in connection with Defendant's failure to select Plaintiff for the position of "Lead Equipment Specialist." (D.E. 4, Clarifying Order). In accordance with the dispositive motion deadline in this case, Defendant filed his motion for summary judgment on Plaintiff's Title VII claim on June 16, 2008 (D.E. 9). ***Per Local Rule 7.3, the submission date of the motion, and the date Plaintiff's response was due, was July 7, 2008***. (L.R. 7.3, stating that "[o]pposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel").[2] Plaintiff did not respond to Defendant's motion for summary judgment by the response deadline of July 7, 2008. Rather, Plaintiff never filed <u>any</u> response to Defendant's motion for summary judgment, even though the Court's order regarding Defendant's motion was not entered until <u>sixteen</u> full days after Plaintiff's response was due. Pursuant to Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition." (L.R. 7.4). Regardless of Plaintiff's failure to respond, the Court was still obligated to consider the merits of Defendant's motion for summary judgment. See <u>Resolution Trust Corp. v. Starkey</u>, 41 F.3d 1018, 1022-23 (5th Cir. 1995). The Court did consider the merits of Defendant's motion, and GRANTED summary judgment on Plaintiff's claim for Title VII discrimination. (D.E. 10, July 23, 2008 Order Granting Summary Judgment).

    Now on August 4, 2008, almost a full month after his response to Defendant's motion for summary judgment was due, Plaintiff filed his motion for reconsideration pursuant to Rule 59(e). Plaintiff does not submit any new evidence in support of his Rule 59(e) motion, rather, Plaintiff attaches to his motion ***the exact same evidence*** submitted by Defendant in support of

---

[2] Defendant filed his motion for summary judgment on June 16, 2008. Twenty days from the date of filing fell on July 6, 2008. Since July 6, 2008 was a Sunday, Plaintiff's response deadline moved to Monday, July 7, 2008. See Fed. R. Civ. P. 6(b).

Defendant's motion for summary judgment. (See D.E. 12, Attachments, and D.E. 9, Attachments). In his Rule 59(e) motion, Plaintiff does not even provide a reason for his failure to respond to Defendant's motion for summary judgment. Rather, Plaintiff includes one line incorrectly stating that "no hearing or submission date" was ever set with regard to Defendant's summary judgment motion. (Motion, p. 1). As noted above, Local Rule 7.3 plainly states that "[o]pposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel." (L.R. 7.3). As set forth below, Plaintiff's failure to respond is not valid grounds for altering or amending the judgment in this case, and Plaintiff has not submitted any new evidence that would necessitate altering or amending the final judgment dismissing Plaintiff's Title VII claim. Accordingly, Plaintiff's Rule 59(e) motion must be DENIED.

## II. Discussion

### A. Rule 59(e)

Because Plaintiff filed his "Opposed Motion for New Trial, Opposed Motion to Set Aside Judgment, and Opposed Motion for Reconsideration" within ten days of the entry of final judgment, the Court reviews Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e).[3] See, e.g., Anglin v. Local Union 1351, 102 Fed.Appx. 367, 369, 2004 WL 1372920, at *2 (5th Cir. June 18, 2004) (a motion which "challenges the prior judgment on the merits [] will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). Under which Rule the motion falls turns on the time at which the

---

[3] As noted above, Plaintiff's motion is not properly framed as a motion for "new trial," because the Court disposed of Plaintiff's claim on summary judgment. See Patin, 77 F.3d at 785 n.1. Further, although Plaintiff also classifies his motion as one for "reconsideration," "[t]he Federal Rules of Civil Procedure do not expressly recognize a motion for 'reconsideration.' Instead, such motions are typically treated as motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), if filed within ten (10) days of the date of judgment". Crews Trading Co., Inc., 2005 WL 3555918 at *1.

motion is served.  If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."); Ford v. Elsbury, 32 F.3d 931, 937 (5th Cir. 1994) ("If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990) (partially abrogated on other grounds) (same).

A Rule 59(e) motion is one that seeks to "alter or amend" a previous judgment entered by the Court.  Fed. R. Civ. P. 59(e).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).  The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that *could have been offered or raised before the entry of judgment*."  Id. (emphasis added); Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued").  Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  Templet, 367 F.3d at 479 (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).  A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" that was not available before the judgment issued.  Schiller v. Physicians Res. Group Inc., 342 F.3d 563, 567-68 (5th Cir. 2003) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003)).

B.  **Plaintiff's Rule 59(e) Motion Must be Denied**

In this case, Plaintiff has not presented any evidence or arguments that he could not have presented well before judgment was entered.[4]  Rather, Plaintiff could have presented all of his arguments and evidence by the July 7, 2008 deadline to respond to Defendant's motion for summary judgment.  In his Rule 59(e) motion, Plaintiff devotes only one sentence to his failure to respond in a timely (or any) fashion to Defendant's motion for summary judgment.  In this sentence, Plaintiff states that "[o]n or about June 16, 2008 … Defendant filed his Motion for Summary Judgment, no hearing or submission date ever being set." (Motion, p. 1).  That is Plaintiff's only reference to his failure to present his arguments/evidence by the July 7, 2008 response deadline.  As noted above, Plaintiff's contention regarding the supposed absence of a "hearing or submission date" is not true, as Local Rule 7.3 clearly states that the submission date for an opposed motion is twenty days from the date of filing.  (L.R. 7.3).  Twenty days from the date of filing was July 7, 2008.[5]  Plaintiff's response was unequivocally due on that date, and Defendant's motion for summary judgment was submitted to the Court on the clearly marked submission date.  Plaintiff's apparent failure to review the local rules, leading to his failure to respond to Defendant's motion for summary judgment, is not a valid reason for reconsideration under Rule 59(e).  See, e.g., Nationwide Mut. Fire Ins. Co. v. Pham, 193 F.R.D. 493, 495 (S.D. Miss. 2000) ("Neglect in defending against [a] motion for summary judgment is not a proper use for a motion for reconsideration under Rule 59(e)."); Gonzalez v. State Fair of Texas, Inc., 2000 WL 326165, at *3 (N.D. Tex. Mar. 24, 2000) ("[the party seeking relief from judgment] has offered no valid reasons for failing to respond or to request a timely extension of the response

---

[4] Further, as discussed below, Plaintiff has only submitted the exact same evidence submitted by Defendant in support of his motion for summary judgment, which the Court reviewed in detail in its order GRANTING summary judgment on Plaintiff's Title VII claim.
[5] As noted above, twenty days from the date of filing technically fell on a Sunday.  Per Federal Rule of Civil Procedure 6(b), the response deadline moved to the next available business day:  Monday July 7, 2008.

date. The errors that occurred here are not even sufficient to rise to a level of excusable neglect. Instead, they are more akin to inadvertence, which is insufficient to warrant relief [under Rule 59(e)]."). Plaintiff could have presented all of the evidence and arguments in his Rule 59(e) motion prior to the entry of judgment, and Plaintiff is not entitled to "have a summary judgment set aside" on the basis of evidence he could have submitted "prior to the court's summary judgment ruling". Wallace v. Texas Tech Univ., 80 F.3d 1042, 1052 (5th Cir. 1996) (citing Waltman, 875 F.2d at 473-74).

Finally, in the interests of justice, the Court has reviewed Plaintiff's arguments and the evidence submitted in support of Plaintiff's Rule 59(e) motion. The Court notes that Plaintiff has not actually submitted any new evidence with his Rule 59(e) motion – rather, Plaintiff has submitted the same evidence submitted by Defendant in support of Defendant's motion for summary judgment. The Court has carefully considered this evidence within the context of the three-part burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). As set forth in detail in the Court's July 23, 2008 Order (D.E. 10), Defendant submitted a legitimate, non-discriminatory reason for its selection of Mr. Alfred Ewald for the Lead Equipment Specialist position, and there is no genuine issue of material fact that Defendant's reason was not pretext for unlawful discrimination. (July 23, 2008 Order, pp. 9-16). Accordingly, after reviewing Plaintiff's arguments in his Rule 59(e) motion and the evidence submitted by Plaintiff in support of his motion, the Court declines to alter or amend the judgment dismissing Plaintiff's claim for Title VII discrimination.

## III. <u>Conclusion</u>

For the reasons set forth above, the Court DENIES Plaintiff's "Motion for New Trial, Opposed Motion to Set Aside Judgment, and Opposed Motion for Reconsideration" (D.E. 12).

SIGNED and ORDERED this 8th day of August, 2008.

                                              Janis Graham Jack  
                                              United States District Judge